1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN W. DUNIGAN,                        Case No.  2:23-cv-02699-JDP (HC)

12                  Petitioner,                **ORDER**

13        v.                                    SCREENING THE PETITION AND
                                                OFFERING LEAVE TO AMEND
14    L. LUNDY,
                                                ECF No. 1
15                  Respondent.
                                                GRANTING APPLICATION TO PROCEED
16                                              IN FORMA PAUPERIS

17                                              ECF No. 6

18                                              DENYING MOTIONS TO EXPEDITE, FOR
                                                DUAL CITIZENSHIP, FOR
19                                              CERTIFICATES OF INNOCENCE, AND
                                                FOR CHRIST KINGDOMS
20
                                                ECF Nos. 10, 11, 13, 14, 15, 16, 17, & 19
21

22          Petitioner, a state prisoner, brings this action under section 2254 and attacks a conviction

23    that occurred in 2007.  ECF No. 1 at 2.  The claim appears beyond the one-year statute of

24    limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  I will give

25    petitioner one opportunity to amend and explain why his claim should still proceed before I

26    recommend that this action be dismissed.  I will also, despite petitioner's status as a "three-

27    striker" within the meaning of section 1915(g), grant his application to proceed *in forma*

28    *pauperis*.  ECF No. 6.  The Ninth Circuit has held that habeas claims "lie outside the scope of the

                                                1

PLRA." *Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1059 (9th Cir. 2016). Finally, I will deny petitioner's motions to expedite discovery and for dual citizenship.  ECF Nos. 10 & 11.  The motion to expedite discovery is premature given that, at this juncture, the petition appears time-barred and unlikely to proceed past screening.  The motion for dual citizenship is outside the scope of this action.

Under AEDPA, a state prisoner has one year, from the date his conviction is finalized, to file a federal habeas petition attacking that conviction.  *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).  Here, petitioner states that the conviction he is attacking was finalized well over a decade ago, in 2007.  ECF No. 1 at 2.  Even with tolling, it is difficult to see how his habeas claims could still be timely.  Nevertheless, I will give petitioner an opportunity to amend and to explain why his claims should proceed.  If he elects to do so, he should take pains to ensure that his claims are intelligible.  Beyond appearing time-barred, his petition lacks organization and its specifics are difficult to understand.  Lengthy passages, unbroken by paragraph separations or headings, are difficult to parse, and I cannot tell how many or what specific claims are at issue.

I will also deny petitioner's numerous pending motions, including his motions for "a well vetted universal Christ Kingdom" and to invoke United States Citizens.  ECF Nos. 16, 17, & 19. A habeas corpus action challenges only the validity of petitioner's underlying conviction. Similarly, his requests for a "certificate of innocence" are premature and, ultimately—if petitioner succeeds in this case—redundant.

Accordingly, it is hereby ORDERED that:

1.  Within thirty days of this order's entry petitioner shall file an amended habeas petition explaining why his claims should proceed.  If he fails to do so, I will recommend this action be dismissed.

2.  The Clerk of Court is directed to send petitioner a section 2254 complaint form with this order.

3.  Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

4. The motions to expedite discovery, ECF No. 10, for dual citizenship, ECF No. 11, for certificates of innocence, ECF Nos. 14, 15, & 16, for a well vetted Christ Kingdom, ECF Nos. 16 & 17, and to invoke any naturalized or nationalized U.S. Citizens, ECF No. 19, are DENIED.

IT IS SO ORDERED.

Dated:   April 10, 2024

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE