UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. DUNIGAN,<br><br>        Petitioner,<br><br>    v.<br><br>L. LUNDY,<br><br>        Respondent. | Case No.  2:23-cv-02699-TLN-JDP (HC)<br><br>**ORDER**<br><br>WITHDRAWING FINDINGS AND RECOMMENDATIONS FOR FAILURE TO PROSECUTE AND DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME AS MOOT<br><br>ECF Nos. 26 & 27<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THE AMENDED PETITION BE DISMISSED AS UNTIMELY AND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 20<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Petitioner, a state prisoner, brings this action under section 2254 and attacks a sentence that appears to have been finalized in 2009. ECF No. 20 at 49. The claim appears beyond the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Additionally, the petition, which runs to one-hundred and seventy pages with exhibits, is unintelligible and, thus, does not state a cognizable claim. For these reasons, and in light of petitioner's recent filings, I will withdraw my previous recommendations for failure to

1

prosecute, ECF No. 26, and submit these recommendations that the action be dismissed as untimely and for failure to state a claim.

Under AEDPA, a state prisoner has one year, from the date his conviction is finalized, to file a federal habeas petition attacking that conviction. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Here, the conviction at issue appears to have been finalized in 2009. ECF No. 20 at 49. This action was filed in November of 2023 and thus, even with tolling, there appears no scenario in which this petition is timely. Additionally, the petition itself is incomprehensible. The substantive portion, that is the part that is not simply a haphazard collection of exhibits, is a lengthy screed of legal terms and case citations that is set down in handwriting that is difficult to read. *Id.* at 1-46. Despite my best efforts, I can discern no specific claims or legal theories in the amended petition and, thus, I find that it fails to state a cognizable claim. Petitioner will have a chance to address these deficiencies in his objections to these recommendations.

Accordingly, it is hereby ORDERED that:

1. The findings and recommendations at ECF No. 26 are WITHDRAWN.

2. Petitioner's motion for extension of time to file objections to those recommendations, ECF No. 27, is DENIED as moot.

Further, it is RECOMMENDED that the amended petition, ECF No. 20, be DISMISSED as untimely and for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 29, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE